## No. 693

### STRALEY INVESTMENT CO. v. TELLING

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7376. Decided June 20, 1927.

951. PRINCIPAL AND AGENT — 923. Pleadings—Where agent claims his principal was agent for undisclosed principal, petition must so allege.

Error to Common Pleas.

Judgment affirmed.

First Publication of this Opinion.

PER CURIAM.

The parties stand in the same relation as they did in the trial court and will be referred to as plaintiff and defendant.

Plaintiff alleged in his petition that W. E. Telling engaged and employed him to act as broker to procure The Peerless Ice Cream Company to sell its place of business to said Telling and agreed to pay the sum of five percent of the price which the said Telling paid for the said Ice Cream Company.

The petition further alleges that the plaintiff performed his part of the contract and that the defendant did purchase the Peerless Ice Cream Company and that by reason thereof, the plaintiff becomes entitled to its commission. No evidence was offered by the plaintiff that the defendant did purchase the Peerless Ice Cream Company as alleged in the petition. On the contrary, the evidence offered by the plaintiff, discloses that the defendant did not purchase the Peerless Ice Cream Company. The trial court granted the motion of the defendant at the close of the plaintiff's evidence to arrest the case from the jury and to direct a verdict for the defendant. In plaintiff's brief the doctrine of undisclosed principle is discussed, and it is sought therein to apply the doctrine to the case at bar. The evidence showed that The Telling Belle Vernon Company, a corporation, purchased the business of The Peerless Ice Cream Company, and the plaintiff, for that reason, urges in his brief that W. E. Telling was acting for The Telling Belle Vernon Company. We can readily see that the plaintiff could have constructed a theory, based upon the doctrine of undisclosed principal had he so framed his petition. The allegations of the petition, however, are not predicated upon that theory.

We are therefore of the opinion that the judgment of the Court of Common Pleas is correct, and it is therefore affirmed.

(Sullivan, PJ., and Vickery and Levine, JJ., concur.)

Attorneys—J. B. Dworken for Investment Co.; Tolles, Hogsett & Ginn for Telling; all of Cleveland.